1 | R. Michael Jordan, Esq. (SBN 108000)
mjordan@msjlaw.com
2 | David M. Plouff, Esq. (SBN 157026)
dplouff@msjlaw.com
3 | MUNRO SMIGLIANI & JORDAN, LLP
4 | 655 West Broadway, Suite 840
San Diego, CA 92101
5 | Ph. (619) 237-5400
Facsimile (619) 238-5597
6

**FILED**

2008 AUG -6  PM 4:04

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____VMH_____DEPUTY

7   Attorneys for Plaintiff CLARENDON AMERICA INSURANCE COMPANY

8                 **UNITED STATES DISTRICT COURT**

9                 **SOUTHERN DISTRICT OF CALIFORNIA**

10

'08 CV 1429 WQH AJB

11   CLARENDON AMERICA INSURANCE
12   COMPANY, a New Jersey Corporation,.

CASE NO.

13                    Plaintiffs,

**CLARENDON AMERICA INSURANCE
COMPANY'S COMPLAINT FOR
DECLARATORY RELIEF, EQUITABLE
INDEMNITY, CONTRIBUTION AND
SUBROGATION**

14   v.

15   STEADFAST INSURANCE COMPANY, a
16   Delaware Corporation,

17                    Defendants.

18

19        Plaintiff Clarendon America Insurance ("Clarendon") alleges as follows:

20        1.  Plaintiff Clarendon is a corporation organized and existing under the laws of the state of

21   New Jersey with its principal place of business in the state of New York.  Clarendon is a surplus lines

22   insurer doing business with surplus lines brokers in the State of California authorized to engage in the

23   business of property and casualty insurance in the State of California.  The majority of Clarendon's

24   employees work at the company's corporate offices located in New York, New York.    All of its

25   business offices are leased by the company.  Clarendon writes business through licensed third party

26   managing general agents who are responsible for all functions associated with the program from

27   underwriting through claims handling. The managing agent responsible for underwriting the policies

28   that are the subject of this action is based in Charlotte North Carolina.

2.    Clarendon's revenues are generated by premiums collected by the third party managing agents who write the insurance policies on Clarendon paper.  The majority of Clarendon's executive and administrative functions are performed at its offices in New York.  All management employees who are responsible for formulating and executing Clarendon's business operations work in Clarendon's New York offices.  The New York office is held out to the public as the corporation's headquarters and serves as the location from which management personnel negotiate and execute corporate contracts.  It is the location where all major corporate business decisions are made.

3.    Plaintiff is informed and believes and thereon alleges that Defendant Steadfast Insurance Company ("Steadfast") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Schaumberg, Illinois.  Steadfast is a surplus lines insurer doing business with surplus lines brokers in the state of California.  Plaintiff is further informed and believes and thereon alleges that (a) the majority of Steadfast's employees are located at its corporate headquarters in Illinois and (b) its claims handling takes place in Illinois.

4.    Jurisdiction is proper under 28 U.S.C. section 1332 in that the amount in controversy exceeds $75,000, and is between citizens of different states.

5.    Venue is proper under 28 U.S.C. section 1391(a) in that policies were issued by plaintiff and defendant  to policyholders in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

6.    Clarendon issued commercial general liability policy no. DAC0623/98/T101 to its named insured, Foshay Electric Company, Inc. ("Foshay") located in San Diego, California for the policy period from April 1, 1998 to April 1, 1999.  The Clarendon policy issued to Foshay adopts an "other insurance clause" which calls for an equal or pro-rata share of the sums expended on behalf of an insured with other insurers.

7.    Plaintiff is informed and believes and thereon alleges that Steadfast issued commercial general liability policy no. SCO3607286-00 to Foshay in San Diego, California for the policy period from April 1, 1999 to April 1, 2000.

/ / /

2

COMPLAINT

8.   Clarendon issued commercial general liability policy no. WCE0623/99/0015 to its named insured, HNR Framing Systems, Inc. ("HNR") in San Diego, California for the policy period from June 1, 1999 to June 1, 2000.  The Clarendon policy issued to HNR adopts an "other insurance clause" which calls for an equal or pro-rata share of the sums expended on behalf of an insured with other insurers.

9.   Plaintiff is informed and believes and thereon alleges that Steadfast issued commercial general liability policy no. SC03837371-00 to HNR in San Diego, California with a policy period from January 23, 2002 to January 23, 2003

10.   Clarendon issued commercial general liability policy no. DAC0623/98/T102 to its named insured, Accelerated Waterproofing, Inc. ("Accelerated") for the policy period from March 20, 1998 to March 20, 1999.  The Clarendon policy issued to Accelerated adopts an "other insurance clause" which calls for an equal or pro-rata share of the sums expended on behalf of an insured with other insurers.

11.   Plaintiff is informed and believes and thereon alleges that Steadfast issued the following commercial general liability policies to Accelerated:  Policy No. SCO3607201 for the policy period from March 20, 1999 to March 20, 2000; Policy No. SCO3607201-01 for the policy period from March 20, 2000 to March 20, 2001; Policy No. SCO3607201-02 for the policy period from March 20, 2001 to March 20, 2002; and Policy No. SCO3607201-03 for the policy period from March 20, 2002 to March 20, 2003.

12.   Clarendon issued commercial general liability policy no. DAC0623/98/T114 to its named insured, Central California Insulation Contractors ("CCIC") for the policy period from June 15, 1998 to June 15, 1999.   Clarendon also issued commercial general liability policy no. DAC0623/99/0018 to CCIC for the policy period from June 15, 1999 to June 15, 2000.   The Clarendon policies issued to CCIC adopt an "other insurance clause" which calls for an equal or pro-rata share of the sums expended on behalf of an insured with other insurers.

13.   Plaintiff is informed and believes and thereon alleges that Steadfast issued one or more commercial general liability policies to CCIC for the policy period(s) from December 19, 2000 to December 1, 2003.  The policy number(s) for the Steadfast policy(ies) are unknown to Clarendon.

14.    Clarendon issued commercial general liability policy no. DAC0623/98/T116 to its named insured, Faria Drywall, Inc. ("Faria") for the policy period from July 1, 1998 to July 1, 1999. The Clarendon policy issued to Faria adopts an "other insurance clause" which calls for an equal or pro-rata share of the sums expended on behalf of an insured with other insurers.

15.    Plaintiff is informed and believes and thereon alleges that Steadfast issued the following commercial general liability policies to Faria:  Policy No. SC039640000-00 for the policy period from July 1, 2002 to July 1, 2003 and Policy No. SC039640000-01 for the policy period from July 1, 2003 to July 1, 2004.

16.    Clarendon issued commercial general liability policy no. DAC0623/98/T107 to its named insured, Janco Industries, Inc. ("Janco"), for the policy period from April 1, 1998 to April 1, 1999.  Clarendon also issued commercial general liability policy no. WCE0623/99/0011 to Janco for the policy period from April 1, 1999 to April 1, 2000.  The Clarendon policies issued to Janco adopt an "other insurance clause" which calls for an equal or pro-rata share of the sums expended on behalf of an insured with other insurers.

17.    Plaintiff is informed and believes and thereon alleges that Steadfast issued commercial general liability policy no. SC03963959-00 to Janco for the policy period from May 15, 2002 to May 15, 2003.

18.    Clarendon issued commercial general liability policy no. WCE0623/99/0007 to its named insured, Laurence D. Sherman, Inc. ("Sherman") for the policy period from  April 1, 1999 to April 1, 2000.  The Clarendon policy issued to Sherman adopts an "other insurance clause" which calls for an equal or pro-rata share of the sums expended on behalf of an insured with other insurers.

19.    Plaintiff is informed and believes and thereon alleges that Steadfast issued one or more commercial general liability policies to Sherman for the policy period(s) from April 1, 2000 to May 1, 2004.  The policy number(s) for the Steadfast policy(ies) are unknown to Clarendon.

20.    Clarendon issued commercial general liability policy no. WCE0623/99/0121 to its named insured, Orange Coast Masonry, Inc. ("Orange Coast") for the policy period from  October 1, 1998 to October 1, 1999.  The Clarendon policy issued to Orange Coast adopts an "other insurance

1  clause" which calls for an equal or pro-rata share of the sums expended on behalf of an insured with

2  other insurers.

3      21.    Plaintiff is informed and believes and thereon alleges that Steadfast issued the

4  following commercial general liability policies to Orange Coast:  Policy No. SCO3556866-00 for the

5  policy period from October 10, 1999 to October 10, 2000; Policy No. SCO3556866-01 for the policy

6  period from October 10, 2000 to October 10, 2001; Policy No. SCO3556866-02 for the policy period

7  from October 10, 2002 to October 10, 2003; and Policy No. SCO3556866-03 for the policy period

8  from October 10, 2003 to October 10, 2004.

9      22.    Clarendon issued commercial general liability policy no. WCE0623/98/T119 to its

10  named insured, Rockwell D. King Construction, Inc. ("RDK") for the policy period from  August 28,

11  1998 to August 28, 1999.  The Clarendon policy issued to RDK adopts an "other insurance clause"

12  which calls for an equal or pro-rata share of the sums expended on behalf of an insured with other

13  insurers.

14      23.    Plaintiff is informed and believes and thereon alleges that Steadfast issued the

15  following commercial general liability policies to RDK:  Policy No. SCO356949-00 for the policy

16  period from August 28, 1999 to August 28, 2000; Policy No. SCO356949-01 for the policy period

17  from August 28, 2000 to August 29, 2001; and Policy No. SCO356949-02 for the policy period from

18  August 29, 2001 to November 1, 2002.

19      24.    Clarendon issued commercial general liability policy no. DAC0623/98/T110 to its

20  named insured, Stellar Enterprises, Inc. ("Stellar") for the policy period from April 14, 1998 to April

21  14, 1999.  The Clarendon policy issued to Stellar adopts an "other insurance clause" which calls for

22  an equal or pro-rata share of the sums expended on behalf of an insured with other insurers.

23      25.    Plaintiff is informed and believes and thereon alleges that Steadfast issued the

24  following commercial general liability policies to Stellar:  Policy no. SCO3607450-00 for the policy

25  period from April 14, 1999 to April 14, 2000 and Policy No. SCO3607450-01 for the policy period

26  from April 14, 2000 to April 14, 2001.

27      26.    Clarendon issued commercial general liability policy no. WCE0623/98/0120 to its

28  named insured, Sunbelt Tile, Inc. ("Sunbelt") for the policy period from October 1, 1998 to October

1, 199. Clarendon also issued commercial general liability policy no. WCE0623/99/0023 to Sunbelt for the policy period form October 1, 1999 to October 1, 2000. The Clarendon policies issued to Sunbelt adopt an "other insurance clause" which calls for an equal or pro-rata share of the sums expended on behalf of an insured with other insurers.

27.    Plaintiff is informed and believes and thereon alleges that Steadfast issued commercial general liability policy no. SCO3692032-00 to Sunbelt for the policy period from October 1, 2001 to October 1, 2002.

28.    Clarendon issued commercial general liability policy no. WCE0623/99/0020 to its named insured, Van Dyk Engineering Contractors, Inc. ("Van Dyk") for the policy period from July 1, 1999 to July 1, 2000. The Clarendon policy issued to Van Dyk adopts an "other insurance clause" which calls for an equal or pro-rata share of the sums expended on behalf of an insured with other insurers.

29.    Plaintiff is informed and believes and thereon alleges that Steadfast issued a commercial general liability policy to Van Dyk for the policy period from July 1, 2002 to July 1, 2003. The policy number for the Steadfast policy is unknown to Clarendon.

30.    Plaintiff is informed and believes and thereon alleges that the Steadfast policies identified herein contain a self insured retention endorsement (number CGL 1201CCW (4/01)). Pursuant to the endorsement, Steadfast's duty to defend and/or indemnify the insured for a potentially covered claim is triggered when the self insured retention amount has been satisfied by payment of defense costs or settlement. The terms of the endorsement do not limit the source of the self insured retention in any way and do not require that the self insured retention be paid only from the insured's own pocket.

31.    Plaintiff is informed and believes and thereon alleges that because the Steadfast self insured retention endorsement does not have specific wording requiring that the SIR payment must be personally satisfied by the insured, that retention can be and has been satisfied by payments made by another insurer on behalf of the insured.

32.    Plaintiff is informed and believes and thereon alleges that the Steadfast policies identified herein contain an "other insurance" clause which calls for an equal or pro-rata share of the

1    sums expended on behalf of an insured with other insurers once payment of defense or settlement by

2    or on behalf of the insured has been made for the cost of defense and settlement incurred in excess of

3    the self insured retention amount.

4        33.    Plaintiff is informed and believes and thereon alleges that each of the insureds

5    identified herein has been named as a defendant or cross-defendant in multiple construction defect

6    actions. These actions are venued in various counties in the state of California, including San Diego

7    County. These actions allege loss or damage over an extended period of time, including allegations

8    of continuous loss. The insureds and entities claiming status as additional insureds on policies

9    identified herein have tendered defense and sought indemnification from Steadfast and from

10   Clarendon.

11       34.    Plaintiff is informed and believes and thereon alleges that these underlying

12   construction defect actions allege, among other things, the potential for an occurrence of property

13   damage during the Steadfast policy periods.

14       35.    Clarendon has defended and indemnified the insureds identified herein and, in so

15   doing, has depleted the aggregate limits for the insureds. In each instance where Clarendon has

16   defended and/or indemnified an insured, Clarendon's payment of defense costs and/or settlement has

17   satisfied the amount of the self-insured retention endorsement under the respective Steadfast policies.

18       36.    As soon as Clarendon's payment on behalf of the insured equaled the self-insured

19   retention amount, a right of contribution against Steadfast vested in Clarendon.

20       37.    Plaintiff is informed and believes and thereon alleges that despite numerous tenders

21   and requests for participation in the defense and indemnity of the insureds, and despite payments by

22   Clarendon satisfying the self insured retention under the Steadfast policies, Steadfast has failed and

23   refused to honor its obligations under Steadfast's policies, and has refused to pay any sums on behalf

24   of its insureds or share in the sums expended by other insurers in defense and indemnity of the mutual

25   insureds.

26       38.    Plaintiff is informed and believes and thereon alleges that Steadfast refused to pay

27   such sums on the ground that its self insured retention endorsement relieves it from any responsibility

28   to participate on behalf of insured or contribute toward defense or settlement until it is satisfied, and

1    that the self-insured retention can only be satisfied by payments of defense costs or settlement by the

2    insured and not by payments made by other insurers such as Clarendon on behalf of the insured.

3         39.     Plaintiff is informed and believes and thereon alleges that Clarendon has in the past or

4    in the future will pay for defense and indemnity obligations for mutual insureds of Clarendon and

5    Steadfast, and that Steadfast has or will refuse to pay for such sums based on the contention that its

6    self-insured retention must be satisfied by payment by the insured and not by payment on behalf of

7    the insured.

8         40.     As a direct result of Steadfast's actions as herein alleged, Clarendon has been damaged

9    in the form of increased defense costs and settlements in excess of six million dollars that were paid

10   on behalf of the insureds which should have been paid by Steadfast.

11                          **FIRST CAUSE OF ACTION**

12                             **(Declaratory Relief)**

13        41.     Plaintiff hereby incorporates by reference paragraphs 1 through 40, inclusive, as

14   though fully set forth and pleaded herein.

15        42.     Plaintiff is informed and believes and thereon alleges that the insurance policies issued

16   by Steadfast provide coverage or the potential for coverage for the claims made against the mutual

17   insureds of Steadfast and Clarendon, and that Steadfast is obligated to share in the sums expended on

18   behalf of those mutual insureds for defense and/or indemnity.

19        43.     An actual controversy has arisen and now exists between Clarendon and Steadfast in

20   that Clarendon contends, and Steadfast disputes, that the self insured retention endorsement in the

21   Steadfast policies does not limit the source of the SIR payment in any way and does not require the

22   insured to pay the SIR only from its own pocket and therefore, that the policies issued by Steadfast

23   provide coverage or the potential for coverage for the defense and/or indemnity incurred on behalf of

24   Clarendon's and Steadfast's mutual insureds.  By reason thereof, an actual controversy has arisen and

25   now exists between Clarendon and Steadfast and a judicial determination of such controversy is

26   necessary and appropriate at this time.

27        44.     Clarendon desires a declaration that (1) the self insured retention endorsement in the

28   Steadfast policies identified herein does not limit the source of the SIR payment in any way and does

1   not require the insured to pay the SIR only from its own pocket and (2) the policies issued by

2   Steadfast provide coverage for the defense and/or indemnity incurred on behalf of Clarendon's and

3   Steadfast's mutual insureds in excess of the Steadfast self insured retention.

## SECOND CAUSE OF ACTION

### (Equitable Indemnity)

6   45.   Plaintiff realleges and incorporates by reference all of the allegations of paragraphs 1

7   through 44, inclusive, as though fully set forth and pleaded herein.

8   46.   Plaintiff is informed and believes and thereon alleges that all, or at least a part, of the

9   defense fees and costs and indemnity sums it expended on behalf of the insureds identified herein,

10  and/or defense and indemnity amounts potentially to be expended by Clarendon on behalf of the

11  insureds, are the responsibility of Steadfast.

12  47.   Plaintiff is informed and believes and thereon alleges that Steadfast had and continues

13  to have a responsibility to defend the insureds because coverage was potentially afforded under

14  Steadfast's policies for the claims asserted therein.

15  48.   Steadfast has failed and continues to fail to reimburse Clarendon for the defense fees

16  and costs and indemnity sums expended on behalf of the insureds identified herein despite being

17  informed that liability existed for Steadfast on the basis of the policies issued by Steadfast to the

18  mutual insureds of Clarendon and Steadfast.

19  49.   As a result of the foregoing, Clarendon is equitably entitled to recover from Steadfast

20  any and all portion(s) of the defense and indemnity sums expended by Clarendon on behalf of the

21  insureds identified herein on the basis that Steadfast provided coverage to the mutual insureds of

22  Clarendon and Steadfast and are obligated to pay such defense and indemnity amounts expended by

23  Clarendon or potentially to be expended by Clarendon on behalf of such mutual insureds in such

24  actions.

## THIRD CAUSE OF ACTION

### (Equitable Contribution)

27  50.   Plaintiff realleges and incorporates by reference all of the allegations of paragraphs 1

28  through 49, inclusive, as though fully set forth and pleaded herein.

51.     Plaintiff is informed and believes and thereon alleges that if Steadfast is found to provide coverage for the insureds identified herein, Steadfast would owe all or a portion of the defense and indemnity amounts expended by Clarendon in those actions on behalf of the insureds and/or the defense and indemnity amounts potentially to be expended by Clarendon on behalf of the insureds in such actions

52.     Plaintiff is informed and believes and thereon alleges that if Steadfast is found to provide coverage for the insureds identified herein, Steadfast would be obligated under its policies to pay all or a portion of the defense and indemnity amounts expended in the actions, and/or defense and indemnity amounts potentially to be expended by Clarendon on behalf of the insureds in the actions.

53.     As a result of the foregoing, Clarendon is equitably entitled to recover from Steadfast that portion of the defense and indemnity amounts expended by Clarendon on behalf of the insureds identified herein, and/or the defense and indemnity amounts potentially to be expended by Clarendon on behalf of the insureds in such actions, in relation to Steadfast's specific obligations under the policies issued to the insureds.

## FOURTH CAUSE OF ACTION

### (Equitable Subrogation)

54.     Plaintiff realleges and incorporates by reference all of the allegation of paragraphs 1 through 53, inclusive, as though fully set forth and pleaded herein.

55.     Plaintiff is informed and believes and thereon alleges that in at least a portion of the underlying construction defect lawsuits, Clarendon's and Steadfast's mutual insureds suffered losses for which Steadfast provides coverage and is therefore legally responsible for the indemnity and defense obligations owed to the insureds identified herein.

56.     Plaintiff is informed and believes and thereon alleges that the indemnity and defense amounts expended by Clarendon were made under a full reservation of rights and not as a volunteer and were not an obligation primarily held by Clarendon, but rather were the responsibility of Steadfast on the basis of the policies issued to the insureds identified herein.

57.     Plaintiff is informed and believes and thereon alleges that Clarendon has compensated the mutual insureds, in whole or in part, for the same loss of which Steadfast is liable.

58.    Plaintiff has suffered damages caused by the unwillingness of Steadfast to pay the defense and indemnity amounts expended by Clarendon, and/or the defense and indemnity amounts potentially to be expended by Clarendon on behalf of the insureds in such actions on the basis that Steadfast provided coverage for the insureds, and that is the obligation of Steadfast under the public policy and law of California.

59.    Plaintiff herein alleges that justice requires that the loss be equitably shifted from Clarendon to Steadfast, whose equitable position is inferior to that of Clarendon on the basis that Steadfast has been unwilling to pay the defense and indemnity amounts expended by Clarendon, and/or the defense and indemnity amounts potentially to be expended by Clarendon on behalf of the insureds in the actions.

60.    Because the mutual insureds would have these equitable rights to seek recovery of the defense and indemnity amounts as against Steadfast, Clarendon has the right to seek subrogation against Steadfast as described herein.

WHEREFORE, Plaintiff prays for judgment as follows:

1.    That the court declare and adjudicate the rights and duties of the parties with respect to the controversy hereinabove referred to, and that the declaration and adjudication be that defendant Steadfast, pursuant to its policies identified herein, owes a duty to defend and indemnify the insureds identified herein and a duty to reimburse plaintiff Clarendon for the defense and indemnity amounts expended by Clarendon and/or the defense and indemnity amounts to be expended by Clarendon on behalf of the insureds;

2.    For judgment against Steadfast on Clarendon's Second, Third and Fourth Causes of Action including the defense and indemnity amounts expended by plaintiff and/or to be expended by plaintiff as described herein;

3.    For attorneys' fees pursuant to *Code of Civil Procedure* section 1021.5;

4.    For interest thereon at the maximum legal rate;

5.    For costs of suit incurred herein; and

///
///

11
COMPLAINT

1      6.     For such other and further relief as the Court may deem just and proper.

2    Dated: August 6, 2008                          MUNRO SMIGLIANI & JORDAN, LLP

3

4                                            By: _____
                                                 R. Michael Jordan, Esq.
5                                                David M. Plouff, Esq.
                                                 Attorneys for Plaintiff Clarendon America
6                                                Insurance Company

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

≤JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS FILED |
|---|---|
| CLARENDON AMERICA INSURANCE COMPANY, a New Jersey Corporation | STEADFAST INSURANCE COMPANY, a Delaware Corporation 08 AUG -6 PM 4: 08 |

| (b) County of Residence of First Listed Plaintiff _Manhatten_ | County of Residence of First Listed Defendant |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | CLERK US DISTRICT COURT (IN U.S. PLAINTIFF CASES ONLY) SOUTHERN DISTRICT OF CALIFORNIA NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. BY CW(? DEPUTY |

(c) Attorney's (Firm Name, Address, and Telephone Number)

R. Michael Jordan, Esq. S/B #108000, Munro Smigliani & Jordan, LLP, 655 West Broadway, Suite 840, San Diego, CA 92101-8482

Attorneys (If Known)

Selman-Breitman LLP '08 CV 1429 WQH AJB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ❏ 1 U.S. Government Plaintiff
- ❏ 3 Federal Question (U.S. Government Not a Party)
- ❏ 2 U.S. Government Defendant
- ⊠ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | J.c. ❏ 2 | J.c. ❏ 2 | Incorporated and Principal Place of Business In Another State | ⊠ 5 | ⊠ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ⊠ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury— | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Med. Malpractice | ❏ 625 Drug Related Seizure | 28 USC 157 | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | Liability | ❏ 365 Personal Injury— | of Property 21 USC 881 | | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 460 Deportation |
| & Enforcement of Judgment | Slander | ❏ 368 Asbestos Personal | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 470 Racketeer Influenced and |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Injury Product | ❏ 650 Airline Regs. | ❏ 830 Patent | Corrupt Organizations |
| ❏ 152 Recovery of Defaulted | Liability | Liability | ❏ 660 Occupational | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| Student Loans | ❏ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❏ 490 Cable/Sat TV |
| (Excl. Veterans) | ❏ 345 Marine Product | ❏ 370 Other Fraud | ❏ 690 Other | | ❏ 810 Selective Service |
| ❏ 153 Recovery of Overpayment | Liability | ❏ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 380 Other Personal | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | Property Damage | Act | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge |
| ❏ 190 Other Contract | Product Liability | ❏ 385 Property Damage | ❏ 720 Labor/Mgmt. Relations | ❏ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Product Liability | ❏ 730 Labor/Mgmt. Reporting | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | | & Disclosure Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❏ 892 Economic Stabilization Act |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate | ❏ 790 Other Labor Litigation | ❏ 870 Taxes (U.S. Plaintiff | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 442 Employment | Sentence | ❏ 791 Empl. Ret. Inc. | or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ | **Habeas Corpus:** | Security Act | ❏ 871 IRS—Third Party | ❏ 895 Freedom of Information |
| ❏ 240 Torts to Land | Accommodations | ❏ 530 General | | 26 USC 7609 | Act |
| ❏ 245 Tort Product Liability | ❏ 444 Welfare | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 900 Appeal of Fee Determination |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities— | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | Under Equal Access |
| | Employment | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus— | | to Justice |
| | ❏ 446 Amer. w/Disabilities— | ❏ 555 Prison Condition | Alien Detainee | | ❏ 950 Constitutionality of |
| | Other | | ❏ 465 Other Immigration | | State Statutes |
| | ❏ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ⊠ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from another district (specify)
- ❏ 6 Multidistrict Litigation
- ❏ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332

Brief description of cause:
Declaratory Relief, Equitable Subrogation and Contribution

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ❏ Yes ⊠ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE ___   DOCKET NUMBER ___

DATE 08/06/2008

SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**FOR OFFICE USE ONLY**

RECEIPT # 15374  AMOUNT $350.00  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

TB 08/06/08

### UNITED STATES
### DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

### #  153746     -  MB

### August 06, 2008
### 16:09:11

### Civ Fil Non-Pris
USAO #.: 08CV1429 CIVIL FILING
Judge..: WILLIAM Q HAYES
Amount.:                    $350.00 CK
Check#.: BC70828

Total-> $350.00

FROM: CLARENDON AMERICA INSURANCE
          VS STEADFAST INSURANCE CO