1
2
3
4
5
6
7

8                   **UNITED STATES DISTRICT COURT**

9                 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  CLARENDON AMERICA INSURANCE              CASE NO. 08cv1429 WQH (AJB)
    COMPANY, a New Jersey Corporation,
12                                           **ORDER**
                                 Plaintiff,
13          vs.
    STEADFAST INSURANCE
14  COMPANY,  Delaware Corporation,

15                               Defendant.

16  HAYES, Judge:

17          The matter before the Court is the Motion to Dismiss, for Joinder of Necessary Parties,

18  and for More Definite Statement (Doc. # 5) filed by Defendant Steadfast Insurance Company.

19                              **Background**

20          On August 6, 2008, Plaintiff Clarendon America Insurance Company ("Clarendon")

21  initiated this action by filing the Complaint (Doc. # 1) against Defendant Steadfast Insurance

22  Company ("Steadfast").

23          The Complaint alleges that both Clarendon and Steadfast issued commercial general

24  liability policies to certain named insureds (the "Mutual Insureds").[1]  The Complaint alleges

25  that each of the Clarendon policies contains "an 'other insurance clause' which calls for an

26  ─────────────────────

27          [1] The named insureds are: Foshay Electric Company, Inc.; HNR Framing Systems, Inc.;
    Accelerated Waterproofing, Inc.; Central California Insulation Contractors; Faria Drywall, Inc.; Janco
28  Industries, Inc.; Laurence D. Sherman, Inc.; Orange Coast Masonry, Inc.; Rockwell D. King
    Construction, Inc.; Stellar Enterprises, Inc.; Sunbelt Tile, Inc.; and Van Dyk Engineering Contractors,
    Inc.

equal or pro-rata share of the sums expended on behalf of an insured with other insurers." *Complaint,* ¶¶ 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28.  The Complaint alleges that each of the Steadfast policies also contains an "'other insurance' clause,' which calls for an equal or pro-rata share of the sums expended on behalf of an insured with other insurers." *Id.,* ¶ 32. The Complaint alleges that each of the Steadfast policies "contain[s] a self insured retention endorsement," whereby "Steadfast's duty to defend and/or indemnify the insured for a potentially covered claim is triggered when the self insured retention amount has been satisfied by payment of defense costs or settlement." *Id.,* ¶ 30.  The Complaint alleges that "[t]he terms of the endorsement do not limit the source of the self insured retention in any way and do not require that the self insured retention be paid only from the insured's own pocket." *Id.*  The Complaint alleges that "because the Steadfast self insured retention endorsement does not have specific wording requiring that the [self insured retention] payment must be personally satisfied by the insured, that retention can be and has been satisfied by payments made by another insurer on behalf of the insured." *Id.,* ¶ 31.

The Complaint alleges that each of the Mutual Insureds has been named as a defendant or cross-defendant in multiple construction defect actions which allege, "among other things, the potential for an occurrence of property damage during the Steadfast policy periods." *Id.,* ¶¶ 33, 34. The Complaint alleges that Clarendon has indemnified the Mutual Insureds and "in so doing, has depleted the aggregate limits for the insureds." *Id.,* ¶ 35.  The Complaint alleges that in each instance, "Clarendon's payment of defense costs and/or settlement has satisfied the amount of the self-insured retention endorsement under the respective Steadfast policies." *Id.*  The Complaint alleges that "[a]s soon as Clarendon's payment on behalf of the insured equaled the self-insured retention amount, a right of contribution against Steadfast vested in Clarendon." *Id.,* ¶ 36.  The Complaint alleges that Steadfast "has failed and refused to honor its obligations under Steadfast's policies, and has refused to pay any sums on behalf of its insureds or share the sums expended by other insurers in defense and indemnity of the mutual insureds." *Id.,* ¶ 37.  The Complaint alleges that Steadfast has refused to pay such sums on grounds that its self insured retention endorsement "relieves it from any responsibility to

participate on behalf of insured or contribute toward defense or settlement until it is satisfied, and that the self-insured retention can only be satisfied by payments of defense costs or settlement by the insured and not by payments made by other insurers such as Clarendon on behalf of the insured." *Id.,* ¶ 38.

The Complaint alleges the following causes of action: (1) declaratory relief, (2) equitable indemnity, (3) equitable contribution, and (4) equitable subrogation. The first cause of action requests a judicial declaration that the self insured retention endorsement in the Steadfast policies does not limit the source of the self insured retention payment, and that the Steadfast policies provide coverage for the defense and/or indemnity incurred on behalf of Clarendon's and Steadfast's Mutual Insureds in excess of the Steadfast self insured retention. The second cause of action for equitable indemnity alleges that Clarendon is equitably entitled to recover sums expended by Clarendon which Steadfast is obligated to pay on behalf of the parties' Mutual Insureds. The third cause of action for equitable contribution alleges that Clarendon is

> equitably entitled to recover from Steadfast that portion of the defense and indemnity amounts expended by Clarendon on behalf of the [Mutual Insureds] and/or the defense and indemnity amounts potentially to be expended by Clarendon on behalf of the [Mutual Insureds] in relation to Steadfast's specific obligations under the policies issued to the insureds.

*Id.,* ¶ 53. The fourth cause of action for equitable subrogation alleges that

> justice requires that the loss be equitably shifted from Clarendon to Steadfast, whose equitable position is inferior to that of Clarendon on the basis that Steadfast has been unwilling to pay the defense and indemnity amounts expended by Clarendon, and/or the defense and indemnity amounts potentially to be expended by Clarendon on behalf of the [Mutual Insureds] in the actions.

*Id.,* ¶ 59. The Complaint alleges that as a result of Steadfast's unlawful conduct, "Clarendon has been damaged in the form of increased defense costs and settlements in excess of six million dollars that were paid on behalf of the insureds which should have been paid by Steadfast." *Id.,* ¶ 40. The Complaint requests declaratory relief; judgment in the amounts expended and/or to be expended by Clarendon; attorney's fees; interest; and costs.

**Standard of Review**

I.     **Motion to Dismiss the Complaint's Third and Fourth Causes of Action for Failure to State a Claim**

    A.     Standard of Review - Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the pleadings. *See De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *See Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief. *See id.* (citing Fed R. Civ. P. 8(a)(2)). In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996). "Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints." *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).

    B.     Analysis - Third Cause of Action for Equitable Contribution

Steadfast contends that there are two levels of insurance coverage - primary and excess. Steadfast contends that the right to equitable contribution arises when several primary insurers are obligated to defend or indemnify the same loss or claim, and one insurer has paid more than its share without participation by the others. Steadfast contends that although the Complaint alleges that the Mutual Insureds are insured by both Clarendon and Steadfast, "Clarendon has failed to allege facts establishing that Steadfast and Clarendon share the same level of liability on the same risk as to those insureds." *Mot. to Dismiss,* p. 5. Steadfast contends that the Complaint fails to allege "facts establishing that there was a potential for coverage under the Clarendon policies for the same unidentified underlying actions for which Clarendon now seeks to obtain contribution from Steadfast." *Reply,* p. 4.

Clarendon responds that the Motion to Dismiss "ignores the allegations of the complaint establishing that the carriers share the same level of liability." *Opposition,* p. 5.  Clarendon contends that the Complaint alleges that both Clarendon and Steadfast issued commercial general liability policies to the Mutual Insureds; that both parties' policies contained "other insurance" clauses which called for an equal or pro-rata share of sums expended on behalf of an insured with other insurers; and that Steadfast is obligated to share in the sums expended on behalf of the Mutual Insureds.  Clarendon contends that these allegations are sufficient to support the claim that Steadfast and Clarendon share the same level of liability.  Clarendon contends that these allegations are sufficient to state a claim for equitable contribution.

Equitable contribution "applies to apportion costs among insurers that share the same level of liability on the same risk as to the same insured." *Maryland Cas. Co. v. Nationwide Mutual Ins. Co.,* 81 Cal. App. 4th 1082, 1089 (2000).  Equitable contribution "arises when several insurers are obligated to indemnify or defend the same loss or claim, and one insurer has paid more than its share of the loss or defended the action without any participation by the others." *Id.*

The Complaint alleges that the both Steadfast's and Clarendon's policies contain other insurance clauses which call for an "equal or pro-rata share of the sums expended on behalf of an insured with other insurers." *Complaint,* ¶¶ 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 32.  The Complaint also alleges that with respect to each of the Mutual Insureds, both Steadfast and Clarendon issued the same type of insurance policy - a commercial general liability policy.  Viewing the allegations in the light most favorable to Clarendon, the Court concludes that the Complaint states a claim for equitable contribution by adequately alleging that Clarendon and Steadfast share the same level of liability on the Mutual Insured's policies, and that Clarendon has paid more than its share.  The Motion to Dismiss the third cause of action is denied.

C.    Analysis - Fourth Cause of Action for Equitable Subrogation

Steadfast contends that the allegation that Steadfast's "equitable position is inferior to that of Clarendon on the basis that Steadfast has been unwilling to pay the defense and indemnity amounts expended by Clarendon, and/or the defense and indemnity amounts

potentially to be expended by Clarendon on behalf of the insureds in the actions" is insufficient to support a claim for equitable subrogation. *Mot. to Dismiss,* p. 7 (quoting *Complaint Prayer,* ¶ 2). Steadfast contends that the doctrine of superior equities applies to this action, and the Complaint fails to allege facts establishing that Clarendon holds a superior equitable position to Steadfast. Steadfast contends that the Complaint "does not allege any facts suggesting that Steadfast's refusal to pay the defense and indemnity amounts caused the insured loss;" does not allege any facts demonstrating that the coverage provided by Clarendon's policies is in excess to the coverage allegedly provided by the Steadfast policies; and does not allege Clarendon's damages in a stated sum. *Mot. to Dismiss,* p. 7.

Clarendon contends that the doctrine of superior equities "has no application to an equitable subrogation action brought by one insurer against another." *Opposition,* p. 6. Clarendon contends that the doctrine only applies where the insurer has paid out a claim to its insured and seeks to enforce its subrogation rights against the direct wrongdoer that caused the insured's loss or the indirect wrongdoer whose conduct contributed to the loss. Clarendon contends that its "equitable subrogation claim has not been brought against a third party who is alleged to have caused a loss to its insured." *Id.* at 7. Clarendon contends that, as an insurer who is legally responsible to the insured for a loss, it has properly stated an equitable subrogation claim against Steadfast, who is also legally responsible to the insured for the same loss.

The doctrine of equitable subrogation "allows an insurer that paid coverage or defense costs to be placed in the insured's position to pursue a full recovery from another insurer who was primarily responsible for the loss." *Maryland Casualty Co.,* 81 Cal. App. 4th at 1088; *see also Fireman's Fund Insurance Co. v. Maryland Casualty Co.,* 65 Cal. App. 4th 1279, 1292 (1998) ("[t]he subrogated insurer is said to stand in the shoes of its insured, because it has no greater rights than the insured and is subject to the same defenses assertable against the insured" (quotations omitted)) . "Because this doctrine shifts the entire cost burden," the party seeking to recover under the doctrine of equitable subrogation "must show that the other insurer was *primarily* responsible for the loss and that the moving party's equitable position

is *inferior* to that of the second insurer." *Id.* (emphasis in original).

The Complaint does not allege that Steadfast was primarily responsible for the losses at issue.   The Complaint does not seek to shift the entire cost burden for the losses at issue from Clarendon to Steadfast.  Rather, as stated by Clarendon in the Motion to Dismiss, the parties "share the same level of liability." *Mot. to Dismiss,* p. 5.  Clarendon further states in the Motion to Dismiss that this is an action to "apportion to Steadfast part of the defense fees and costs that Clarendon paid on behalf of their mutual insureds." *Id.* at 10.  The Court concludes that the Complaint fails to state a claim for equitable subrogation because the Complaint does not allege that Steadfast "was primarily liable for the loss," and does not seek "a full recovery" for the loss from Steadfast. *Maryland Casualty Co.,* 81 Cal. App. 4th at 1088.  Viewing the allegations in the light most favorable to Clarendon, the Court concludes that the Complaint fails to state a claim for equitable subrogation.  The Motion to Dismiss the fourth cause of action is granted.

**II.     Motion for Clarendon to be Ordered to Join the Alleged Mutual Insureds**

Steadfast contends that "Clarendon's and Steadfast's alleged mutual insureds identified in the Complaint are necessary, if not indispensable, parties to this case, and the law requires their joinder under the circumstances presented here." *Mot. to Dismiss,* p. 8.  Steadfast contends that the Mutual Insureds' rights under the Steadfast policies may be lost or impaired by the outcome of this case because a ruling in Clarendon's favor with respect to the Steadfast policies may reduce the remaining policy limits of each of the Mutual Insureds. *Mot. to Dismiss,* p. 9; *Reply,* p. 8.  Steadfast further contends that, absent joinder of the Mutual Insureds, Steadfast would be subject to substantial risk of incurring inconsistent or multiple obligations because "none of the alleged mutual insureds is likely bound by a judgment in favor of Clarendon against Steadfast." *Reply,* p. 8.  Steadfast contends that the Mutual Insureds are "undoubtedly" subject to service of process and will not deprive the court of subject matter jurisdiction. *Mot. to Dismiss,* p. 9.  Steadfast requests that the Court order the joinder of the Mutual Insureds on grounds that they will be directly affected by the outcome of this litigation, and Steadfast will be subject to a substantial risk of incurring inconsistent

1    obligations absent their joinder.

2         Clarendon asserts that aside from the conclusory assertion that the Mutual Insureds are

3    "undoubtedly" subject to service of process, "[t]his does not show the viability of service of

4    process or that diversity will not be destroyed." *Opposition,* p. 10.  Clarendon contends that

5    Steadfast does not assert that complete relief cannot be afforded between Clarendon and

6    Steadfast absent joinder of the Mutual Insureds, but rather that failure to join the Mutual

7    Insureds would impair the Mutual Insureds' ability to protect their interests.  Clarendon

8    contends that "Steadfast fails to explain how a lawsuit which seeks to apportion to Steadfast

9    part of the defense fees and costs that Clarendon paid on behalf of their mutual insureds, would

10   cause any of the insureds to lose coverage under their Steadfast policies or otherwise impair

11   their rights under the Steadfast policies." *Id.*  With respect to Steadfast's assertion that it will

12   be subject to multiple or inconsistent obligations absent joinder of the alleged mutual insureds,

13   Clarendon contends that "Steadfast has made absolutely no showing that any of the mutual

14   insureds intends to assert any claim or file any litigation against Steadfast on matters arising

15   out of the subject matter of the complaint." *Id.* at 10-11.

16        Rule 19 describes the circumstances under which a person must be joined as a necessary

17   party.  Rule 19(a) provides that, if feasible, a person must be joined as a necessary party if in

18   the person's absence, the court cannot accord complete relief among existing parties; or if the

19   person claims an interest in the subject matter of the action and the interest may be

20   compromised by the person's absence, or the person's absence will expose the existing parties

21   to the risk of inconsistent results.  Fed. R. Civ. P. 19(a)(1).  Rule 19(b) provides that when a

22   party is necessary, but joinder is not feasible (for example when joinder would destroy

23   diversity), "the court must determine whether, in equity and good conscience, the action should

24   proceed among the existing parties or should be dismissed."  Fed. R. Civ. P. 19(b).

25        The moving party has the burden of establishing that a person must be joined as a

26   necessary party.  *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).  "The

27   inquiry is a practical one and fact specific, and is designed to avoid the harsh results of rigid

28   application." *Id.* (citations omitted).

Steadfast does not contend that complete relief cannot be granted among the existing parties absent joinder of the Mutual Insureds. The instant action seeks to apportion to Steadfast part of the defense fees and costs that Clarendon paid on behalf of the Mutual Insureds. Aside from Steadfast's conclusory assertion that the Mutual Insureds claim an interest in the subject matter of the action, which may be compromised in their absence, Steadfast does not articulate how judgment in this action apportioning fees and costs pursuant to the "other insurance" clauses in the parties' policies would impair the Mutual Insureds' rights. Other than the assertion that the Mutual Insureds will not be bound by a judgment in this action, Steadfast does not show that there is a substantial likelihood that it will be subject to inconsistent or multiple obligations. The Court concludes that Steadfast has failed to satisfy its burden of establishing that the Mutual Insured's must be joined as necessary parties. The Motion for Joinder of Necessary Parties is denied.

**III.    Motion for a More Definite Statement**

Steadfast contends that the Complaint fails to identify a single construction defect case at issue, and that Steadfast requires this information to answer the Complaint explaining that "as to any particular action involving the alleged insureds, the case may never have been tendered to Steadfast, Steadfast indeed may have accepted tender and defended and/or indemnified various insureds, or Steadfast may have denied coverage on any of a number of bases." *Mot. to Dismiss,* p. 11. Steadfast contends that it cannot answer allegations in the Complaint about the application of the self insured retention provisions to various past claims if Clarendon does not identify those claims with specificity.

Clarendon responds that the Complaint is "not uncertain by the absence of specific case information." *Opposition,* p. 12. Clarendon contends that Steadfast "has the capacity to access its own records pertaining to the policies of the insureds identified in the complaint and determine who made tenders to Steadfast under those policies and the lawsuit associated with each such tender." *Id.* Clarendon contends that the Motion for a More Definite Statement is not proper because the information with regard to the actions alleged in the Complaint is within Steadfast's knowledge, and to the extent the information is not available in Steadfast's

1   own records, "it can readily obtain the information through discovery." *Id.*

2        Rule 12(e) of the Federal Rules of Civil Procedure states: "A party may move for a

3   more definite statement of a pleading to which a responsive pleading is allowed but which is

4   so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P.

5   12(e). "Motions for a more definite statement are viewed with disfavor and are rarely granted

6   because the minimal pleading requirements of the Federal Rules." *Sagan v. Apple Computers,*

7   874 F. Supp. 1072, 1077 (C.D. Cal. 1994). A Rule 12(e) motion is more likely to be granted

8   "where the complaint is so general that ambiguity arises in determining the nature of the claim

9   or the parties against whom it is being made." *Id.* Conversely, a Rule 12(e) motion is "likely

10  to be denied where the substance of the claim has been alleged, even though some of the

11  details are omitted." *Id.*

12       The Complaint clearly identifies the nature of Clarendon's claims, and clearly identifies

13  Steadfast as the party against who its claims are made. The Complaint specifies the identities

14  of each of the Mutual Insureds, and alleges that each of the Mutual Insureds has been named

15  as a defendant in multiple construction defect actions. Although the Complaint does not

16  specify the details of the construction defect actions, the Court finds that knowledge about the

17  defect cases at issue in this action is within the purview of Steadfast. The Court concludes that

18  the allegations in the Complaint are not "so vague and ambiguous that the party cannot

19  reasonably prepare a response." Fed. R. Civ. P. 12(e). In light of the minimal pleading

20  requirements of the Federal Rules and the sufficiency of the allegations in the Complaint, the

21  Court denies the Motion for a More Definite Statement.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss, for Joinder of Necessary Parties, and for More Definite Statement (Doc. # 5) is **DENIED** as to the Complaint's third cause of action, the joinder of necessary parties and a more definite statement.   The Motion to Dismiss, for Joinder of Necessary Parties, and for a More Definite Statement is **GRANTED** as to the Complaint's fourth cause of action.  The fourth cause of action is **DISMISSED.**

DATED:  December 12, 2008

_William Q. Hayes_
**WILLIAM Q. HAYES**
United States District Judge