1
2
3
4
5
6
7
8
## UNITED STATES DISTRICT COURT

9
## SOUTHERN DISTRICT OF CALIFORNIA

10

11 | CLARENDON AMERICA INS. CO.,  |  CASE NO. 08cv1429 WQH (AJB)

12 |                    Plaintiff,  |  **ORDER**

         vs.
13 | STEADFAST INS. CO.,

14 |                    Defendant.

15

16 HAYES, Judge:

17        The matter before the Court is Defendant's Ex Parte Motion to Continue Plaintiff's

18 Motion for Summary Adjudication.  (Doc. # 32).

19

20                              **BACKGROUND**

21        This action concerns a dispute between two insurance companies about coverage of

22 insureds.  On August 6, 2008, Plaintiff initiated this action by filing its complaint.  (Doc. # 1).

23 The complaint alleges that both Plaintiff and Defendant issued commercial general liability

24 policies to eight insured construction companies (the "Mutual Insureds").  *Id.*  The complaint

25 alleges that the Plaintiff's policies for the Mutual Insureds contains an "'other insurance

26 clause' which calls for an equal or pro-rata share of the sums expended on behalf of an insured

27 with other insurance." *Id.* at ¶ 32.  The complaint alleges that Defendant's policies with the

28 Mutual Insureds "contain a self insured retention endorsement" whereby Defendant's "duty

to defend and/or indemnify the insured for a potentially covered claim is triggered when the self insured retention amount has been satisfied by payment of defense costs or settlement." *Id.* at ¶ 30.   The complaint alleges that "[t]he terms of the endorsement [in Defendant's policies] do not limit the source of the self insured retention in any way and do not require that the self insured retention be paid only from the insured's own pocket." *Id.*  The complaint alleges "that retention can be and has been satisfied by payments made by [Plaintiff] on behalf of the insured" because Defendant's "self insured retention endorsement does not have specific wording requiring that the payment must be personally satisfied by the insured." *Id.* at ¶ 31.

The complaint alleges that each of the Mutual Insureds has been named as a defendant or cross-defendant in multiple construction defect actions which allege, "among other things, the potential for an occurrence of property damage during the" Defendant's policy coverage periods. *Id.* at ¶ 33-34.  The complaint alleges Plaintiff has indemnified the Mutual Insureds and has depleted the aggregate limits for the insureds. *Id.* at ¶ 35.  The complaint alleges that Plaintiff's payment of defense and/or settlement costs has satisfied the self insured retention amount and has triggered a right of contribution by Defendant. *Id.* at ¶ 36.  The complaint alleges Defendant has failed to meet this obligation despite Plaintiff's demands that it do so. *Id.* at ¶ 37.  The complaint alleges Defendant has refused to pay on the grounds that the self insured retention must be payed by the Mutual Insureds themselves, and not by another insurance company. *Id.* at ¶ 38.

The complaint alleges causes of action for: (1) declaratory relief, (2) equitable indemnity, (3) equitable contribution, and (4) equitable subrogation.  The Court dismissed the fourth cause of action on December 12, 2008.  (Doc. # 14).

On September 18, 2009, Plaintiff filed a Motion for Summary Adjudication of Issues seeking a ruling from the Court determining the meaning of the self insured retention clause in Defendant's contracts with the Mutual Insureds.  (Doc. # 29).  On September 25, 2009, Defendant filed its Ex Parte Motion to Continue Plaintiff's Motion for Summary Adjudication.  (Doc. # 32).

**ANALYSIS**

**I.      Contentions of the Parties**

In its Motion for Summary Adjudication, Plaintiff contends that one of the types of Self Insured Retention forms, "SIR Endorsement Form A," does not require that the Mutual Insureds pay the amount of the SIR out of pocket before Defendant's duty to defend and indemnify is triggered.  (Doc. # 29 at 2).  Plaintiff seeks a ruling from the Court that SIR Endorsement Form A does not require the Mutual Insureds covered by this type of SIR policy to personally pay the SIR amount and that Plaintiff's payment pursuant to their contracts with the mutual insureds satisfies the SIR amounts.  (Doc. # 29 -1 at 2).  Plaintiff contends that California courts have held that "the policy must make clear . . . that the named insured alone, and not other insurers, must pay the stated amount of the SIR."  *Id.* at 18 (*citing The Vons Companies v.  U.S. Fire Insurance Co.*, 78 Cal. App. 4th 52, 64 (2000)).  Plaintiff contends that "if a policy's terms [are] ambiguous" as to whether an insured could use other insurance, California law allows other insurance coverage to fulfill a SIR requirement. *Id.* at 14.  Plaintiff contends that the Mutual Insureds can satisfy the SIR obligation with money from Plaintiff, because the language of the SIR Endorsement Form A does not specifically state that other insurance cannot be used to fulfill the SIR obligation.  (Doc. # 29-2 at 12).

Defendant's Ex Parte Motion to Continue Motion for Summary Adjudication contends that summary adjudication of the meaning of SIR Endorsement Form A is premature because the parties have not yet conducted discovery.  (Doc. # 32).  Defendant contends that discovery is necessary to uncover "course of performance" evidence which will be admissible to show the meaning of the form.  (Doc. # 32-1 at 3).  Defendant contends that Plaintiff's motion implicitly argues that the contract clauses at issue are ambiguous, which requires looking to extrinsic evidence to determine the parties' mutual understanding of the meaning of the clauses under California law.  *Id.* at 6.

Plaintiff contends that it is not raising ambiguity, rather it is arguing "that the endorsement is silent on the subject."  (Doc. # 35 at 5).  Therefore, Plaintiff contends "the proposed discovery concerning course of performance is of no consequence with respect to the

issues raised by [Plaintiff's] motion." *Id.* at 9.  Plaintiff further contends that even if *some* discovery might be relevant, Defendant has failed to carry its burden to establish that "the facts it seeks to discover actually exist." *Id.*

## II.      Applicable Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(f), "If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order."  Rule 56(f) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002).  A Rule 56(f) "'continuance of a motion for summary judgment for purposes of conducting discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of evidence.'"  *Burlington N. Santa Fe R.R. Co. v. The Assiniboine and Souix Tribes of the Ft. Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003) (*citing Wichita Falls Assoc. v. Banc One Corp.* 978 F.2d 915, 919 n.4 (5th Cir. 1992)).  "Where . . . no discovery whatsoever has taken place, the party making a Rule 56(f) motion cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid." *Id.* at 774.  "Although Rule 56(f) facially gives judges discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery  'where the non-moving party has not had the opportunity to discover information that is essential to its opposition.'"  *Metabolife Intn'l,  Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986)).

## III.     Ruling of the Court

The relevant provisions of SIR Endorsement Form A in Defendant's policies are as follows:

**I.   Self Insured Retention and Defense**

**Costs -- Your Obligations**

A.   The "self insured retention amounts" stated in the Schedule of endorsement apply as follows:

   1.   If a Per Occurrence "self insurance retention amount" is shown in the schedule of this endorsement, you shall be responsible for payment of all damages and defense costs for each occurrence or offense until you have paid "self insured retention amounts" and "defense costs" equal to the Per Occurrence amounts shown in the schedule . . . .

F.   Representations

   By acceptance of this policy you agree that you will not procure insurance for all or any part of the "self insured retention amounts" shown in the Schedule of this endorsement.   If such insurance is procured, there will be no coverage under this policy.

. . .

**IV.   Definitions**

A.   "Self insured retention" means:

   The amount or amounts which you or any insured must pay for all compensatory damages which you or any insured shall become legally obligated to pay because of "bodily injury," "property damage," advertising injury," "personal injury," medical payments or any other such coverage included in the policy, sustained by one or more persons or organizations.

(Doc. # 29-2 at 7).

Plaintiff relies on two cases, *Vons* and *General Star*, in an attempt to establish that these contract terms, as a matter of law, do not require the Mutual Insureds to pay the SIR amount out of pocket. *Vons,* 78 Cal. App. 4th 52; *General Star National Ins. Co. v. World Oil Co.*, 973 F. Supp. 943 (C.D. Cal. 1997).   In *Vons*, the California Court of Appeals adopted the reasoning from the Federal District Court's order in *General Star*.   In *General Star*, the court addressed a SIR endorsement form which did not explicitly state that other insurance could not be used to fulfill the insured's SIR obligation.   The court looked to extrinsic evidence to determine whether "World Oil understood that it could not seek coverage for the amount of the General Star deductible under the terms of the General Star policy." 973 F. Supp. at 946. In concluding that the contract did not prohibit World Oil from using other insurance coverage

to satisfy the SIR amount, the court determined that the contract did not "unambiguously prohibit World Oil from obtaining deductible coverage" *and* that General Star failed to raise a genuine issue of material fact as to whether World Oil understood that the contract did not allow other insurance to cover the deductible amount. *Id.* at 947.

Course of performance evidence or testimony by representatives of the Mutual Insureds may be relevant to determine whether Plaintiff is entitled to summary adjudication. Therefore, the Court will permit discovery to allow Defendant to respond to Plaintiff's Motion for Summary Adjudication of Issues. Plaintiff's motion is therefore denied pursuant to Rule 56(f).

**ORDER**

IT IS HEREBY ORDERED that Defendant's Ex Parte Motion to Continue Plaintiff's Motion for Summary Adjudication (Doc. # 32) is **GRANTED**. IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Adjudication (Doc. # 29) of issues is **DENIED** without prejudice pursuant to Federal Rule of Civil Procedure 56(f).

DATED: January 29, 2010

**WILLIAM Q. HAYES**
United States District Judge